# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | : : : | CIVIL ACTION |
| v. | : : | |
| REGAN TECHNOLOGIES CORPORATION | : | NO. 16-4865 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                              **December 7, 2016**

Defendant Regan Technologies Corporation, a Connecticut corporation, moves to transfer this breach of contract action brought by De Lage Landen Financial Services, Inc., a Michigan corporation with a place of business in Wayne, Pennsylvania,[1] to the District of Connecticut. Regan argues that Connecticut is the appropriate forum because the contract was negotiated and signed by Regan there. Opposing transfer, De Lage argues that the action should remain in this district—its chosen forum and the forum selected by the parties in the contract—where it conducts business and the events giving rise to the litigation occurred.

After weighing all relevant factors and considering the plaintiff's preference and the forum selection provision, we conclude the balance tips in favor of litigating this action in this district. Therefore, we shall deny Regan's motion to transfer.

---

[1] We assume that De Lage is a citizen of Pennsylvania because its principal place of business is in this state. Although the complaint does not allege that De Lage's principal place of business is in Pennsylvania, it states that it is a citizen of Pennsylvania. *See* Compl. ¶ 1 (Doc. No. 1, at ECF 2).

## Background

As alleged in the complaint and admitted in Regan's answer, De Lage financed Regan's acquisition of technology equipment and Regan has not made the payments required by the Loan & Security Agreement and the accompanying Promissory Note since May 1, 2016.[2] Consequently, on September 9, 2016, De Lage initiated this action.

## Legal Standard

A defendant moving for transfer of venue bears the burden of demonstrating that: (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice. *De Lage Landen Fin. Servs., Inc. v. Elite Technology (NY), Inc., et al.*, No. 09-1538, 2009 WL 3152163 at *1 (E.D. Pa. Sept. 30, 2009) (citing 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); and *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). Once the defendant establishes that the action could have been brought in the proposed district, the court must weigh several private and public interest factors to determine whether the balance of convenience tips in favor of transfer. *Jumara*, 55 F.3d at 879–80.

Among the factors considered when determining whether transfer is more convenient for the parties and in the interest of justice are: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties as

---

[2] Compl. ¶¶ 7–10, 15–18 (Doc. No. 1, at ECF 3–6); Compl. Ex. A, De Lage Loan & Security Agreement (Doc. No. 1, at ECF 7–11).

demonstrated by relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and, (9) "public interest" factors, such as congestion of court dockets and the relationship of the jury and the community to the underlying district. *Id.* at 879–80. Depending on the nature and facts of the case, these factors overlap and are intertwined.

Because the analysis involved is "flexible and individualized," the court has broad discretion in deciding a motion for transfer of venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Despite this wide latitude, a transfer motion is not to be granted without a careful weighing of factors favoring and disfavoring transfer. *See Shutte*, 431 F.2d at 24–25.

**Analysis**

The analysis begins with determining whether the case could have been brought in the proposed forum. If not, the inquiry ends.

This action could have been brought in the District of Connecticut. It is the district where Regan resides and signed the contract. *See* 28 U.S.C. § 1391(a).

The inquiry now turns to weighing the private and public interest factors to determine which forum is more convenient for the parties and the witnesses, and will serve the interest of justice. *Jumara*, 55 F.3d at 879–80. In this action, many of the factors usually considered at this stage of the analysis are not relevant.

There do not appear to be any issues necessitating a trial. Regan does not dispute that it owes De Lage the payments under the terms of the Loan Agreement and

the Promissory Note.[3]  Nor has it raised any affirmative defense.  Because there will be no trial, the factors affecting the convenience of the witnesses and the parties, and bearing on the costs associated with discovery and trial are not relevant.  Thus, the only factors we need consider are each party's choice of forum, the forum selection clause, the place where the claim arose and the public interest.

### Plaintiff's Choice of Forum

The plaintiff's choice of forum typically receives "paramount consideration." *Shutte*, 431 F.2d at 25.  However, the plaintiff's choice is given less deference when none of the operative facts underlying the claim occurred there.  *See Shutte*, 431 F.2d at 25; *Buckeye Pennsauken Terminal LLC v. Dominique Trading Corp.*, 150 F. Supp. 3d. 501, 509 (E.D. Pa. 2015); *McMillan v. Weeks Marine, Inc.*, No. 02-CV-6741, 2002 WL 32107617 at *1 (E.D. Pa. Dec. 2, 2002); *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000).

Although some operative facts occurred in Connecticut, other facts occurred in Pennsylvania.  The Agreement and the Promissory Note were executed and the payments were made in Pennsylvania.  Thus, De Lage's choice of forum will be given "paramount consideration."

### Forum Selection Clause

A forum selection clause is entitled to "substantial consideration" in determining whether to transfer a case.  *Jumara,* 55 F.3d at 880.  Although the presence of a forum selection clause is afforded significant weight, it is not dispositive.  *Id.*  It is just one factor in balancing the convenience of the parties.  *Id.*  Nevertheless, the party seeking

---

[3] Answer ¶ 18 (Doc. No. 12).

to avoid the forum selection clause has the burden to show why it should not be bound by the choice. *Id.*

Forum selection clauses are either mandatory or permissive. *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 460 (E.D. Pa. 2013) (citing *Campanini v. Studsvik*, No. 08-5910, 2009 WL 926975 at *4 (E.D. Pa. Apr. 6, 2009)); *Mato v. Window World, Inc.*, No. 10-7617, 2011 WL 710473 at *3–4 (E.D. Pa. Feb. 28, 2011) (citing *Campanini*, 2009 WL 926975, at *4).  A mandatory forum selection clause clearly dictates that venue is proper only in the agreed upon forum.  A permissive one does not limit the fora, but merely authorizes venue in a particular forum.  *Campanini*, 2009 WL 926975, at *4.  Hence, the controlling factor is whether the parties intended to litigate actions in one court to the exclusion of all others.  *Synthes,* 978 F. Supp. 2d at 460 (citing *SBKC Serv. Corp. v. 1111 Prospect Partners L.P.*, 105 F.3d 578, 582 (10th Cir. 1997)).

A permissive forum selection clause is given less weight than a mandatory one because it does not exclusively limit the appropriate venue for litigation.  *Synthes*, 978 F. Supp. 2d at 460; *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 245–46 (E.D. Pa. 2007); *Mato*, 2011 WL 710473, at *3.  The absence of a mandated forum in an agreement suggests that other factors may make another forum more convenient or appropriate.

The forum selection clause in this case provides:

> 18. GENERAL PROVISIONS.  THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HERETO SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE COMMONWEALTH OF PENNSYLVANIA, WITHOUT GIVING EFFECT TO PENNSYLVANIA CHOICE OF LAW PRINCIPLES.  Borrower hereby (i) consents and agrees that

>   (and hereby submits to) non-exclusive jurisdiction, personal or otherwise, over Borrower and the Collateral shall be with the courts of the Commonwealth of Pennsylvania or the Federal District Court for the Eastern District of Pennsylvania, solely at Lender's option, with respect to any provision of this Agreement and the Note; (ii) agrees that all claims in respect of any such action or proceeding may be heard and determined in such courts; (iii) irrevocably waives (to the extent permitted by applicable law) any objection which it now or hereafter may have to the laying of venue of any such action or proceeding brought in any of the foregoing courts, and any objection on the ground that any such action or proceeding in any such court has been brought in an inconvenient forum . . . .[4]

This language is permissive. It allows, but does not require, venue in the courts of the Eastern District of Pennsylvania. The clause uses the permissive term "may." The word "may" is "universally recognized as connoting permissiveness. It is not a word of exclusion." *SBKC Serv. Corp.*, 105 F.3d at 582. Although the forum selection clause gives De Lage the option to choose personal and subject matter jurisdiction, it does not mandate that "venue is proper *only* in the agreed upon forum." *Synthes*, 978 F. Supp. 2d at 460 (citing *Campanini*, 2009 WL 926975, at *4) (emphasis added).

In light of the permissive nature of the forum selection clause, the provision is not given the significant consideration that would be given to a mandatory clause in the transfer analysis. Nevertheless, the provision reinforces the plaintiff's choice of forum. It weighs against transfer.

---

[4] Compl. Ex. A (Doc. No. 1, at ECF 9).

*Defendant's Preferred Forum*

Regan prefers the District of Connecticut where it is located. The technology equipment is physically located there. Regan claims that many of its "probable witnesses" reside or work in Connecticut or Florida.[5] As we have noted, there will be no trial. Consequently, Regan's proffered reason for wanting the case transferred is illusory. Hence, its choice of forum is accorded little weight.

*"Public Interest" Factors*

Regan contends that Connecticut has a strong public interest in adjudicating this case because many of the operative facts occurred there. On the other hand, De Lage contends that Pennsylvania has a strong interest in vindicating the contractual rights of one of its businesses.

Both Connecticut and Pennsylvania have an interest in this litigation. The claims are controlled by Pennsylvania law. Pennsylvania has a legitimate interest in ensuring that the contract rights of its business are enforced and its law is applied. Therefore, in balancing the competing interests, the public interest factor weighs in favor of the action remaining here.

Although there are slightly more pending cases per judge in the District of Connecticut than in the Eastern District of Pennsylvania, the difference is insignificant.

---

[5] Brief in Support of Mot. to Transfer Venue at 3 (Doc. No. 10-2).

*See* Table, Combined Civil and Criminal Federal Court Management Statistics at 1, 3 (June 30, 2016).[6]  Consequently, court congestion is not a factor.

## Conclusion

After balancing all relevant factors, including the plaintiff's choice of forum and the permissive forum selection clause, the public interest tips in favor of this litigation remaining in the Eastern District of Pennsylvania.  Accordingly, the motion to transfer venue shall be denied.

---

[6] *Available at* http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2016/06/30-3.