IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | : : : | CIVIL ACTION |
| v. | : : | |
| REGAN TECHNOLOGIES CORPORATION | : | NO. 16-4865 |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                      **February 22, 2017**

The facts in this collection case are undisputed. As alleged in the complaint and admitted in the answer, plaintiff De Lage Landen Financial Services, Inc. financed defendant Regan Technologies Corporation's acquisition of technology equipment and Regan has not made the payments required by the Loan & Security Agreement and the accompanying Promissory Note since May 1, 2016.[1] Therefore, we shall grant De Lage's unopposed motion for summary judgment.

De Lage initiated this action on September 9, 2016. Seeking to buy itself time, Regan unsuccessfully moved for a transfer of venue. It did nothing since in this litigation. It did not respond to De Lage's summary judgment motion, nor dispute De Lage's Statement of Undisputed Facts.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter

---

[1] Compl. (Doc. No. 1) ¶¶ 7–10, 15–18, at ECF 3–6; Compl. Ex. A (Doc. No. 1), De Lage Loan & Security Agmt. ("Loan & Security Agmt."), at ECF 7–11; Answer (Doc. No. 12) ¶ 18.

of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In examining the motion, we must draw all reasonable inferences in the nonmovant's favor. *InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159–60 (3d Cir. 2003).

Regan has not responded to De Lage's motion. Unlike the district court can with other motions, we may not grant an uncontested summary judgment motion without an independent determination that the movant is entitled to judgment under Rule 56. *See* Fed. R. Civ. P. 56(e)(3) advisory committee's note to 2010 amendment (recognizing that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion"); E.D. Pa. Local R. Civ. P. 7.1(c). The court must ensure that "the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). An unopposed motion for summary judgment may be granted only if the moving party demonstrates that there is no genuine dispute of material fact and it is entitled to judgment as a matter of law.

By failing to file a response within the specified time, "the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion." *Reynolds v. Rick's Mushroom Serv.*, 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003) (quoting *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); and citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175–76 (3d Cir. 1990)). The scheduling order in this case clearly warned the parties that "[a]ll material facts set forth in the Statement of Undisputed Facts served by the movant shall

be deemed undisputed unless specifically controverted by the opposing party."[2]  Thus, our task is to determine whether, given these undisputed facts, De Lage is entitled to judgment as a matter of law.

## Analysis

There is no dispute that there was a contract and De Lage did not make the payments required by the contract.  The only remaining issue is the amount due under the contract.

The Note obligated Regan to pay twenty-four equal, monthly payments of $47,325.75.[3]  Failure to make the monthly payment when due constitutes an event of default as defined under the Loan Agreement.[4]

Despite demand, Regan failed to make the payment due on May 1, 2016, and has not made any payments since.  De Lage declared the loan in default on September 1, 2016, and, as provided in the Agreement, it accelerated the amounts due.[5]

As of September 1, 2016, the date De Lage declared the loan in default, Regan had failed to make five monthly payments on the Note.  These five past-due payments amount to $236,628.75.

---

[2] Scheduling Order (Doc. No. 14) ¶ 6(c).

[3] Stmt. of Undisputed Facts (Doc. No. 19-2) ("SUF") ¶ 6; Loan & Security Agmt. at ECF 8.

[4] SUF ¶¶ 8–9; Loan & Security Agmt. § 15(i), at ECF 9 ("The occurrence of any one of the following shall constitute an Event of Default hereunder: (i) Borrower fails to pay any periodic installment payment or other amount due hereunder or under the Note on or before the tenth (10th) day following the date when the same becomes due and payable.").

[5] SUF ¶ 12 (citing Loan & Security Agmt. § 16).

be deemed undisputed unless specifically controverted by the opposing party."[2]  Thus, our task is to determine whether, given these undisputed facts, De Lage is entitled to judgment as a matter of law.

## Analysis

There is no dispute that there was a contract and De Lage did not make the payments required by the contract.  The only remaining issue is the amount due under the contract.

The Note obligated Regan to pay twenty-four equal, monthly payments of $47,325.75.[3]  Failure to make the monthly payment when due constitutes an event of default as defined under the Loan Agreement.[4]

Despite demand, Regan failed to make the payment due on May 1, 2016, and has not made any payments since.  De Lage declared the loan in default on September 1, 2016, and, as provided in the Agreement, it accelerated the amounts due.[5]

As of September 1, 2016, the date De Lage declared the loan in default, Regan had failed to make five monthly payments on the Note.  These five past-due payments amount to $236,628.75.

---

[2] Scheduling Order (Doc. No. 14) ¶ 6(c).

[3] Stmt. of Undisputed Facts (Doc. No. 19-2) ("SUF") ¶ 6; Loan & Security Agmt. at ECF 8.

[4] SUF ¶¶ 8–9; Loan & Security Agmt. § 15(i), at ECF 9 ("The occurrence of any one of the following shall constitute an Event of Default hereunder: (i) Borrower fails to pay any periodic installment payment or other amount due hereunder or under the Note on or before the tenth (10th) day following the date when the same becomes due and payable.").

[5] SUF ¶ 12 (citing Loan & Security Agmt. § 16).

There were ten payments remaining on the Note from October 1, 2016, through July 1, 2017. The total of the ten remaining payments is $473,257.50.[6] De Lage discounted the ten remaining payments at a rate of three percent.[7] The discount on the remaining payments reduces the total by $6,442.74, leaving an accelerated amount of $466,814.76.

Regan incurred late charges of five percent of each of the defaulted payments due March 1, 2016, through August 1, 2016, totaling six late charges and amounting to $14,197.74.[8]

De Lage seeks pre-judgment interest from the date of default through the date of judgment, February 22, 2017.[9] Pre-judgment interest is a matter of right in breach of contract cases. *McDermott v. Party City Corp.*, 11 F. Supp. 2d 612, 632 (E.D. Pa. 1998) (citing *Fernandez v. Levin*, 548 A.2d 1191, 1193 (Pa. 1988); and *Spang & Co. v. USX Corp.*, 599 A.2d 978, 983 (Pa. Super. 1991)). The Agreement provides that De Lage may recover pre-judgment interest at a rate of two percent per month on the principal.[10] The principal, $717,641.25, is calculated as the sum of the past due payments, the late charges and the remaining discounted payments.[11] Two percent of the principal amounts to $14,352.83. Thus, pre-judgment interest is $14,352.83 per month.

---

[6] *See* Loan & Security Agmt. § 1.

[7] *Id.* § 16(b)(ii).

[8] Glick Aff. (Doc. No. 19-1) ¶ 14 n.2; Loan & Security Agmt. § 3.

[9] *See* Loan & Security Agmt. § 16(d).

[10] *Id.*

[11] *Id.*

The period of time from default to the date of judgment is five months and twenty-two days. Because the two-percent interest rate is a monthly rate and the Note defines year and month as "360-day year consisting of twelve 30-day months," we calculate the per-diem interest by dividing $14,352.83 by thirty days.[12] Twenty-two days of per-diem interest is $10,525.41. Thus, De Lage may recover pre-judgment interest at two percent of the principal for five months and twenty-two days, totaling $82,289.56. Post-judgment interest will accrue pursuant to 28 U.S.C. § 1961.[13]

The Loan and Security Agreement provides that De Lage shall have the right to recover from Regan all expenses paid or incurred in connection with the enforcement of its rights under the Agreement, including attorney fees and legal expenses.[14] Damages for attorney fees and costs may be recovered where there is "a clear agreement by the parties." *De Lage Landen Fin. Servs. v. Rozentsvit*, 939 A.2d 915, 923 (Pa. Super. 2007) (citing *Merlino v. Del. Cty.*, 728 A.2d 949, 951 (Pa. 1999)). The Agreement provides De Lage has the right to recover attorney fees and legal expenses, amounting to $19,452.49.

---

[12] *Id.* at ECF 8 (Promissory Note).

[13] Section 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," and that "such interest shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a).

[14] *See* Loan & Security Agmt. § 16; Glick Aff. Ex. 1.

The following chart summarizes the payments due.

| Description of Payment Due | Amount | Number of Payments Due | Total |
|---|---|---|---|
| Past due payment | $47,325.75 | 5 | $236,628.75 |
| Remaining payment | $47,325.75 | 10 | $473,257.50 |
| Late charge | $2,366.29 | 6 | $14,197.74 |
| 3% discount on remaining payments | --- | --- | ($6,442.74) |
| 2% interest per month on principal | $14,352.83 per month | 5 months, 22 days | $82,289.56 |
| Attorney fees and costs | $19.452.49 | --- | $19,452.49 |
| **TOTAL** | --- | --- | **$819,383.30** |

## Conclusion

There is no factual dispute that Regan breached its duty to make payments under the terms of the Agreement and Note, and owes De Lage $819,383.30 under their terms. De Lage is entitled to judgment as a matter of law. Therefore, we shall grant its motion for summary judgment.